## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2023 KA 1324

STATE OF LOUISIANA

VERSUS

JACQUES ANTHONY GARNETT

**Judgment Rendered:**     MAY 3 1 2024

\* \* \* \* \* \*

Appealed from the
Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket Number 608997
The Honorable Reginald T. Badeaux, III, Judge Presiding

\* \* \* \* \* \*

J. Collin Sims
District Attorney
Matthew Caplan
Assistant District Attorney
Covington, Louisiana

Counsel for Appellee
State of Louisiana

Bertha M. Hillman
Covington, Louisiana

Counsel for Defendant/Appellant
Jacques Anthony Garnett

\* \* \* \* \* \*

**BEFORE: GUIDRY, C.J., CHUTZ, AND LANIER, JJ.**

**GUIDRY, C.J.**

The defendant, Jacques Anthony Garnett, was charged by grand jury indictment with first degree rape when the victim is under the age of thirteen years, a violation of La. R.S. 14:42(A)(4). He pled not guilty, proceeded to a trial by jury, and was found guilty as charged. The trial court denied the defendant's post-trial motions and sentenced him to life imprisonment at hard labor, without the benefit of probation, parole, or suspension of sentence. The defendant now appeals, assigning as error the trial court's failure to properly advise him of the prescriptive period for seeking post-conviction relief. We affirm the conviction and sentence.

## STATEMENT OF FACTS

In the summer of 2017, C.B., the victim, told her mother, M.G., that the defendant, M.G.'s first cousin who was living with them in Slidell at the time, had "touched" her.[1] Though unaware of the details, M.G. immediately reported the disclosure to the St. Tammany Parish Sheriff's Office. Arrangements were made for a forensic interview, C.B.'s medical records were obtained, and a warrant for the defendant's arrest was executed.[2] According to C.B., the first incident occurred when she was eight years old, during an overnight visit at her aunt's house, before the defendant moved in with them. That night, the defendant made her lay on top of him, moved the crotch area of her shorts to the side, and "put his mouth on [her] vagina[,]" underneath her clothes. C.B. did not tell anyone about the incident at the time.

---

[1] In order to protect the identity of the victim, who was twelve years old at the time of the disclosure, we reference the victim and her family members by their initials. See La. R.S. 46:1844(W).

[2] The detective assigned to investigate the case was deceased at the time of the trial. While the witnesses had difficulty recalling specific dates, the record indicates that the Sheriff's Office report was made on July 14, 2017.

After the defendant moved in with them, at times when he was alone with C.B., repeated incidents involving the defendant touching her private parts with his hands or mouth, and one incident involving penal anal penetration occurred. On Christmas Eve of 2016, when C.B. was eleven years old, M.G. walked into the room at the end of an incident, when the defendant was buckling his pants. Specifically, according to C.B., the defendant had just stood up after laying on top of her and "brushing up against" her, with his clothes on. M.G., unsure of what happened before she entered the room, questioned the defendant, and he moved out the next day. The 2017 disclosure occurred months later.

## ASSIGNMENT OF ERROR

In the sole assignment of error, the defendant argues the trial court incorrectly informed him that he has three years from the date his sentence becomes final to file an application for post-conviction relief. He contends the case should therefore be remanded to the trial court.

The minutes and the sentencing transcript indicate that after the trial court imposed the sentence herein, it advised the defendant that any application for post-conviction relief must be filed "within three years of [his] sentence becoming final." However, pursuant to La. C.Cr.P. art. 930.8(A), a defendant generally has two years "after the judgment of conviction and sentence has become final" to seek post-conviction relief. Thus, the trial court failed to properly advise the defendant of the prescriptive period for seeking post-conviction relief.

Nonetheless, as the defendant has herein assigned error to the issue, it is apparent that he has notice of the correct limitation period and has an attorney who is in the position to provide him with such notice. Moreover, the trial court's failure to properly advise the defendant has no bearing on the sentence and is not grounds to reverse the sentence or remand for resentencing. State v. LeBoeuf, 06-

3

0153 (La. App. 1st Cir. 9/15/06), 943 So. 2d 1134, 1142-43, <u>writ denied</u>, 06-2621 (La. 8/15/07), 961 So. 2d 1158. Accordingly, this error is not reversible.

Thus, we decline to remand to the trial court to provide proper notice. <u>See</u> <u>State v. Hartley</u>, 23-0698 (La. App. 1st Cir. 1/23/24), 2024 WL 242792, *8 (unpublished), (wherein the trial court, as in this case, incorrectly advised the defendant that the time period for filing an application for post-conviction relief was three years from the time his sentence becomes final). Instead, out of an abundance of caution and in the interest of judicial economy, we note for the record and advise the defendant that La. C.Cr.P. art. 930.8(A) generally provides that no application for post-conviction relief shall be considered if it is filed more than two years after the judgment of conviction and sentence have become final under the provisions of La. C.Cr.P. arts. 914 or 922. <u>See</u> <u>State v. Arnold</u>, 07-0362 (La. App. 1st Cir. 9/19/07), 970 So. 2d 1067, 1074, <u>writ denied</u>, 07-2088 (La. 3/7/08), 977 So. 2d 904. In accordance with the above, the assignment of error does not require a remand of the case.

**CONVICTION AND SENTENCE AFFIRMED.**